UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| PATRICIA CUNNINGHAM, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| THE HOME DEPOT, INC., HOME DEPOT U.S.A., INC., JOHN DOES 1-10 (fictitious names) and ABC CORPORATION 1-10 (fictitious names), | : NO. 3:18-cv-15129(FLW)(LHG) |
| Defendants. | : |

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO REMAND CASE**

**Motion Returnable: December 17, 2018**

CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, LLC
9 Robbins Street
Toms River, New Jersey 08753
Email: GAhladianakis@cldds.com
Attorneys for Plaintiff
*Our File No.* 7871-002

Gary Ahladianakis, Esq.
Counsel of Record & On the Brief

## **TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ..................................................................................1
II. GENERAL STATEMENT OF FACTS.......................................................................1
III. LEGAL ARGUMENT
PLAINTIFF'S MOTION TO REMAND THIS MATTER BACK TO SUPERIOR COURT OF NEW JERSEY SHOULD BE GRANTED ...........................................3
    A. Applicable Standard of Law ............................................................3
    B. Defendant Failed to Meet the 30-Day Requirement for Filing a Notice of Removal Pursuant to 28 U.S.C. §1446(b) ........................3
    C. Defendant Fails to Satisfy Its Burden of Showing that Federal Diversity Jurisdiction is Satisfied in this Matter ................................6

DEFENDANT SHOULD BE REQUIRED TO PAY COSTS, INCLUDING ATTORNEY'S FEES, UNDER 28 *U.S.C.* §1447(c) FOR IMPROPERLY REMOVING THIS CASE TO FEDERAL COURT...................................................7

IV. CONCLUSION ..........................................................................................................9

## TABLE OF AUTHORITIES

Page

**CASES**

Abels v. State Farm Fire & Cas. Co.,
770 F.2d 26, 29 (3d Cir. 1985)..................................................................3

Boyer v. Snap-On Tools Corp.,
913 F.2d 108, 111 (3d Cir. 1990)..............................................................3

Brown v. Jevic,
575 F.3d 322, 326 (3d Cir. 2009)..............................................................3

Efford v. Milam,
368 F. Supp. 2d 380, 384 (E.D. Pa. 2005)................................................4

Farina v. Nokia, Inc.,
625 F.3d 97, 113 (3d Cir. 2010)................................................................4

Mints v. Educational Testing Service,
99 F.3d 1253, 1260 (3d Cir. 1996).........................................................7,8

Portillo v. Nat'l Freight, Inc.,
169 F. Supp. 3d 585, 593 (D.N.J. 2016)...................................................4

Steel Valley Auth. v. Union Switch & Signal Div.,
809 F.2d 1006, 1010 (3d Cir. 1987)..........................................................3

**STATUTES**

28 U.S.C. §1446(b)..............................................................................1,3,5

28 U.S.C. §1446(b)(1)............................................................................5,7

28 U.S.C. §1446(b)(3).........................................................................4,5,8

28 U.S.C. §1332......................................................................................6

28 U.S.C. §1447(c)..................................................................................7

**RULES**

R. 4:58-1a............................................................................................2,6

## PRELIMINARY STATEMENT

The subject motion filed on behalf of Plaintiff, Patricia Cunningham ("Plaintiff") demonstrates that this matter should be remanded back to Superior Court of the State of New Jersey, Monmouth County inasmuch as Defendant's Notice of Removal to the United States District Court for the State of New Jersey, filed on October 19, 2018, was procedurally deficient under 30-day requirement set forth in 28 U.S.C. § 1446(b) and also because this Court lacks subject matter jurisdiction over this case as the matter in controversy does not exceed $75,000.00.

## GENERAL STATEMENT OF FACTS

1. Plaintiff filed a civil action in the courts of the State of New Jersey alleging personal injury and damages as result of store merchandise falling on her while she was at The Home Depot store located in Neptune, New Jersey.

2. Plaintiff's Complaint in state court was filed on January 31, 2018, under Docket No. MON-L-367-18 (hereinafter, "the State Court Action"). (Exhibit A).

3. An Answer to the Plaintiff's Complaint in state court was filed by Defendant, Home Depot U.S.A., Inc. ("Home Depot"), via Stipulation of Extension entered between the parties, on April 4, 2018. (Exhibit "B").

4. On June 25, 2018, counsel for Defendant, Home Depot, sent a formal demand for Plaintiff's written Statement of Damages. (Exhibit "C").

5. On July 26, 2018, Plaintiff's counsel sent defense counsel a Statement of Damages setting forth a $76,349.79 settlement demand. (Exhibit "D").

6. Defendant responded to Plaintiff's settlement demand of $76,349.79 via e-mail, dated September 4, 2018, making a counter offer of $10,000. (Exhibit "E").

1

7. Defendant made a <u>second</u> demand for Plaintiff's Statement of Damages, via e-mail dated September 19, 2018. (Exhibit "F").

8. Plaintiff responded to Defendant's <u>second</u> demand for a written Statement of Damages, via email dated September 20, 2018, by reminding defense counsel that Plaintiff's Statement of Damages was already provided and attached a copy of Plaintiff's previous correspondence of July 26, 2018, wherein Plaintiff's settlement demand was originally set forth. (Exhibit "G").

9. Defendant filed a Notice of Removal to Federal Court on October 19, 2018. (Exhibit "H").

10. Plaintiff filed an Offer of Judgment in the State Court Action under New Jersey Court Rule 4:58-1 in the amount of $74,757.00 on October 19, 2018. (Exhibit "I").

# LEGAL ARGUMENT

## I. PLAINTIFF'S MOTION TO REMAND THIS MATTER BACK TO SUPERIOR COURT OF NEW JERSEY SHOULD BE GRANTED

### A. Applicable Standard of Law

On a motion to remand, the removing party bears the burden of demonstrating that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). In other words, the removing party, herein the defendant, has the burden of establishing that the federal court has jurisdiction and the notice of removal was timely filed. Id. Furthermore, as the Third Court has clearly held, "[r]emoval statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

### B. Defendant Failed to Meet the 30-Day Requirement for Filing a Notice of Removal Pursuant to 28 *U.S.C.* § 1446(b).

28 U.S.C. § 1446(b), in relevant part, states as follows:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) further states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Therefore, if a plaintiff's pleading discloses federal jurisdiction on its face, a defendant must petition for removal within thirty (30) days of receiving a copy of the pleading setting forth the removable claim. Farina v. Nokia, Inc., 625 F.3d 97, 113 (3d Cir. 2010). If, however, the initial pleading does not demonstrate a basis for removal, the petition must "be filed within 30 days after receipt by the defendant" of a litigation document (either an "amended pleading, motion, order or other paper") demonstrating sufficient jurisdictional facts. 28 U.S.C. § 1446(b)(3). Portillo v. Nat'l Freight, Inc., 169 F. Supp. 3d 585, 593 (D.N.J. 2016).

While the Third Circuit has not decided what constitutes "other paper" under §1446(b), "cases from other circuits have dealt with the issue, and while some courts have concluded that 'other paper' must be those actually filed in the case, the majority of courts have given the reference to 'other paper' an embracive construction and have included a wide array of documents within its scope.'" Efford v. Milam, 368 F. Supp. 2d 380, 384 (E.D. Pa. 2005).

Nevertheless, in the instant matter, there is no dispute that the basis for Defendant's petition for removal was based upon diversity jurisdiction and relyied upon the settlement demand, set forth in Plaintiff counsel's correspondence of July 26, 2018, in the amount of $76,349.79. Therefore, whether Plaintiff's counsel correspondence of July 26, 2018 constitutes "other paper," as that term is defined in § 1446(b), is of no moment under the facts of this case inasmuch as Defendant's petition for removal is well beyond the 30-day requirement, even if the written correspondence from one

counsel to another is deemed to constitute "other paper" as that term is used in §1446(b). Specifically, Defendant's petition for removal was filed on October 19, 2018, which is nearly three (3) months after defense counsel received Plaintiff's aforementioned statement of damages via e-mail (and regular mail) on July 26, 2018.

Moreover, Defendant's anticipated argument that the 30-day period under §1446(b) did not begin to accrue until Defendant's receipt of Plaintiff counsel's correspondence of September 20, 2018, is simply without merit. Here, defense counsel made a <u>second request</u> to Plaintiff for her written statement of damages via e-mail of September 19, 2018. (See Cert. of Plaintiff's Counsel, Exhibit "F"). In fact, Defendant's <u>second request</u> for a written statement of damages was made after defense counsel already responded to Plaintiff's initial settlement demand, via e-mail dated September 4, 2018, wherein Defendant made a counter offer of $10,000 to settle Plaintiff's claims. (See Cert. of Plaintiff's Counsel, Exhibit "E"). This offer was rejected by the Plaintiff.

Nevertheless, Plaintiff's counsel responded to Defendant's <u>second request</u> for a written Statement of Damages, via e-mail of September 20, 2018, by reminding defense counsel that Plaintiff's Statement of Damages was already provided and attaching a copy of Plaintiff's original statement of damages for the same amount of $76,349.79, that was previously made via letter dated July 26, 2018. (See Cert. of Plaintiff's Counsel, Exhibit "G"). There were no further communications thereafter from defense counsel and, after Plaintiff's counsel sent a "10-day letter," dated October 9, 2018, to Defendant for failing to provide outstanding discovery, Defendant filed a petition for removal on October 19, 2018.

5

Accordingly, Plaintiff submits that this matter should be remanded back to New Jersey Superior Court inasmuch as Defendants' tardy removal of this matter to Federal Court on October 19, 2018, i.e., **85 days** after receipt of Plaintiff counsel's settlement demand set forth in the correspondence sent and received by Defendant on July 26, 2018, plainly exceeded the 30-day requirement of 28 U.S.C. §§ 1446(b)(1) and (b)(3).

### C. Defendant Fails to Satisfy Its Burden of Showing that Federal Diversity Jurisdiction is Satisfied in this Matter.

In order for a case to be properly removed to Federal Court pursuant to 28 U.S.C. §1332, there must be the following: (1) an amount in controversy exceeding $75,000.00; and (2) complete diversity between the parties. The burden of proving diversity is on the party invoking the same.

In this case, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy does not exceed $75,000. Specifically, on October 19, 2018, Plaintiff filed an Offer of Judgment, pursuant to New Jersey Court Rule 4:58-1, allowing judgment to be entered in favor of Plaintiff in the amount of $74,757.00. (See Cert. of Plaintiff's Counsel, Exhibit "I"). Pursuant to New Jersey Court Rules, a making of an offer of judgment constitutes a withdrawal of all previous offers made by that party. R. 4:58-1a.

Accordingly, the Defendant cannot meet its burden of establishing, by a preponderance of the evidence, that this federal court has jurisdiction over this matter inasmuch as the amount in controversy does not exceed the threshold amount of $75,000.

## II. DEFENDANT SHOULD BE REQUIRED TO PAY COSTS, INCLUDING ATTORNEY'S FEES, UNDER 28 U.S.C. 1447(c) FOR IMPROPERLY REMOVING THIS CASE TO FEDERAL COURT

Given that Defendant's removal of this matter to Federal Court on October 19, 2018, plainly exceeded the 30-day requirement set forth under 28 U.S.C. §§ 1446(b)(1) and (b)(3), Defendant well knew that this matter should never have been removed in the first place. Therefore, Defendant should be required to pay the costs Plaintiff has incurred, including attorney's fees, in making this motion to remand this case to state court.

The statute governing removal clearly provides for attorney's fees where removal is inappropriate. 28 U.S.C. 1447(c) provides that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 U.S.C. § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. **An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.** A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(Emphasis supplied.)

The Third Circuit has held that "we agree with other courts of appeals which have held that the district court may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith." Mints v. Educational Testing Service, 99 F.3d 1253, 1260 (3d Cir. 1996).

7

In this case, Defendant, Home Depot, as the removing party, lacked an objectively reasonable basis for seeking removal of this matter from state court when it filed a Notice of Removal on October 19, 2018. Defendant's attempt to circumvent the 30-day requirement by sending a <u>second</u> demand for a statement of damages to the plaintiff, after one was already provided by Plaintiff via letter dated July 26, 2018 and even responded to with a counter-offer of settlement by Defendant on September 4, 2018, was pure gamesmanship in an effort to circumvent the black letter requirements of Federal Law. Such practices by litigants, especially large corporate entities as Home Depot in this matter, with deep pockets to pay counsel for the filing of a clearly improper petition for removal to Federal Court without any reasonably objective basis, should be discouraged by this Court by awarding Plaintiff costs and attorney's fees incurred with the filing of the instant Motion to Remand. And, as the Third Circuit has held, a showing of bad faith on the part of the removing party is not required for the entry of costs and expenses incurred. <u>Mints, supra</u>, 99 F.3d at 1260.

Accordingly, this Court should enter an Order requiring Home Depot to make a payment of Plaintiff's costs and expenses, including attorney's fees, incurred in connection with the removal of this matter to Federal Court when the explicit 30-day requirement set forth under §1446(b)(3) was not even close to being met and, thus, Defendant had no reasonable basis for removing this matter to Federal Court.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that Plaintiff's Motion to Remand this matter to State Court should be granted in its entirety.

Respectfully submitted,
CARLUCCIO, LEONE, DIMON, DOYLE &
SACKS, LLC


By:  s/ Gary Ahladianakis
     Gary Ahladianakis, Esq.
     Attorneys for Plaintiff

Dated: November 16, 2018

9